IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02490-BNB

JOSEPH LOUIS DURAN,

    Plaintiff,

v.

JOAN KOPRIVNIKAR, M.D.,
DENEEN CRANDELL, Psy. D.,
C/O GABE HERNANDEZ,
C/O HARRY ATWOOD, and
SGT. LEE MARTINEZ, Retired,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 2 2010

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Joseph Louis Duran, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado. On October 4, 2010, Mr. Duran submitted to the Court a Prisoner Complaint asserting violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Duran is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.* For

the reasons stated below, the Complaint and the action will be dismissed in part and drawn in part.

Mr. Duran asserts four claims. In Claim One, Mr. Duran alleges that his Eighth Amendment rights were violated on September 29, 2008, when Defendant Gabe Hernandez cuffed him with his hands behind his back because he refused to sign property and orientation papers. Mr. Duran further asserts that Defendant Hernandez ignored him when he kicked the door of his cell and the toilet in his cell to indicate that he needed to use the toilet; that Defendant Hernandez told him he did not understand sign language; ignored him; and as a result he defecated on himself and in his jumpsuit. Mr. Duran asserts Defendant Hernandez (1) called someone to report Mr. Duran's actions, asking if he should "gas" Mr. Duran, but apparently did not gas him; (2) told Mr. Duran to "wait til you get to the 4th floor"; and (3) boasted that he was in charge of canteen and property and, subsequently, Mr. Duran had $54.00 worth of property missing.

In Claim Two, Mr. Duran alleges that Defendants Sgt. Martinez and Dr. Crandell violated his Fifth, Sixth, and Eighth Amendment rights. Mr. Duran asserts that when he was admitted to the San Carlos Correctional Facility and evaluated on September 29, 2008, he chose not to speak but indicated by holding a pen over a legal pad that he would communicate in writing with Defendants Sergeant Lee Martinez, Dr. Koprivnikar, and Dr. Deneen Crandell. Mr. Duran further asserts these Defendants told him that if he would not speak to them he would be placed in restraints. When Mr. Duran chose not to speak, Defendant Martinez placed him in restraints, including leg irons. Mr. Duran also alleges that he was kept in restraints from September 29 until October 13,

2

2008, when he asked if he had to talk to prison staff before he communicated with the courts, his attorney, or his family. He then was released from the restraints but was placed in a strip cell from October 13 through October 29, 2008.[1] Mr. Duran also asserts that during the time he was in restraints and in a strip cell he was prevented from communicating with the courts, his attorney, and his family. Finally, Mr. Duran asserts that he was forced to urinate and defecate in a diaper and on himself and denied a shower for up to six days while in restraints, and he was denied toilet paper when he was placed in a secured cell.

In Claim Three Mr. Duran alleges that Defendant C/O Atwood violated his Eighth Amendment rights. Mr. Duran asserts that on one occasion while he was in restraints he was denied dinner by Defendant Atwood [2] and a female guard. Mr. Duran asserts that Defendant Atwood and the female guard entered his cell with two "styro" trays and that Defendant Atwood (1) told him to sit at a table; (2) removed a "paddle" lock from his right wrist so he was able to move his right hand about six inches; but (3) would not allow him to wash his hands before he ate his dinner. Mr. Duran further asserts that he stood up from the table and rubbed his hands together and pointed to the sink repeatedly indicating he wanted to wash his hands; he was told by Defendant Atwood that he could either wash his hands or eat dinner, but not both; and he was allowed

---

[1] Mr. Duran refers to October 13 through 29, 2010, as the time he was placed in a strip cell. It is clear that Mr. Duran incorrectly referred to 2010 and intended to state the year as 2008.

[2] Although Mr. Duran identifies Defendant Atwood as the one who violated his Eighth Amendment rights in Claim Three, he does not specify under the supporting facts that Defendant Atwood was the individual who entered his cell with his dinner. Nonetheless, the Court will assume that Mr. Duran is referring to C/O Atwood in the supporting facts of Claim Three.

twenty minutes to do so. Mr. Duran also asserts that Defendant Atwood and the female guard left his cell after five minutes with the food trays. As a result he was denied dinner.

In Claim Four, Mr. Duran alleges that Defendant Dr. Koprivnikar ordered involuntary drugs for him on November 13, 2008. Mr. Duran asserts that he has repeatedly notified Dr. Koprivnikar that the involuntary drugs cause him to incur muscle tremors. Mr. Duran further asserts that Dr. Koprivnikar ordered the drugs because Mr. Duran repeatedly urinated and defecated on himself, even though the only reason he urinated and defecated on himself was because he was in restraints. Mr. Duran further asserts that while he is on the drugs he is ineligible for a halfway house or a change of facility. Mr. Duran also states that he has asked to be taken off the involuntary drugs because nothing supports the continued use of the drugs. In Section "C. Nature of the Case," Mr. Duran further states that the use of the involuntary drugs has long-term side effects including tremors and memory loss, and short-term side effects including headaches and chest pains. Mr. Duran seeks money damages.

Claims Two and Four will be drawn to a district judge and to a magistrate judge.

A prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the " 'minimal civilized measure of life's necessities. ' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In

the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." **Shifrin v. Fields**, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. **See Clemmons v. Bohannon**, 956 F.2d 1523, 1527 (10th Cir. 1992).

First, Mr. Duran does not state why he would not speak to Defendant Hernandez. Kicking the cell door and the toilet did not reasonably alert Defendant Hernandez that he needed to use the toilet and fails to set forth a basis for a violation of the Eighth Amendment. Second, Defendant Hernandez's inquiry about gasing Mr. Duran and telling Mr. Duran to wait until he got to the Fourth Floor are mere threats or harassment. Verbal harassment and threats without more do not state an arguable constitutional claim, however. **See Northington v. Jackson**, 973 F.2d 1518, 1524 (10th Cir. 1992); **Cumbey v. Meachum**, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); **Collins v. Cundy**, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Mr. Duran does not assert that he was physically assaulted by Defendant Hernandez.

With respect to Mr. Duran's property claim, an unauthorized intentional deprivation of property by state officials does not violate the Due Process Clause if a meaningful postdeprivation remedy for the loss is available. **See Hudson v. Palmer**, 468 U.S. 517, 533 (1984); **Durre v. Dempsey**, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Mr. Duran fails to allege that a meaningful postdeprivation remedy was unavailable. Claim One, therefore, lacks merit and will be dismissed as legally frivolous.

Although Mr. Duran fails to state in Claim Three the constitutional right he alleges

was violated, it appears that he is claiming an Eighth Amendment violation. Mr. Duran fails to assert in Claim Three a physical injury or how being denied a single meal meets the requirements, as set forth above, of an Eighth Amendment violation. Claim Three lacks merit and will be denied as legally frivolous. Accordingly, it is

ORDERED that Defendants C/O Gabe Hernandez and C/O Harry Atwood and the claims asserted against them are dismissed from the action pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants C/O Gabe Hernandez and C/O Harry Atwood from the docketing record as parties to this action. It is

FURTHER ORDERED that the claims asserted against Defendants Dr. Joan Koprivnikar, Dr. Deneen Crandell, and Lee Martinez shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __10th__ day of __November__, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02490-BNB

Joseph Louis Duran
Prisoner No. 104311
San Carlos Corr. Facility
1410 W. 13th Street
PO Box 3
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/12/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk