IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02490-PAB-KMT

JOSEPH LOUIS DURAN,

    Plaintiff,
v.

JOAN KOPRIVNIKAR, M.D.,
DENEEN CRANDELL, Psy. D., and
SGT. LEE MARTINEZ, Retired,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Recommendations [Docket Nos. 67, 68] filed on June 27, 2011 by United States Magistrate Judge Kathleen M. Tafoya. Magistrate Judge Tafoya recommends that the Court grant defendants' motion to dismiss [Docket No. 24] plaintiff's complaint and dismiss this matter in its entirety. *See* Docket No. 67 ("Recommendation on Defendants' Motion") at 23. Magistrate Judge Tafoya also recommends that the Court deny plaintiff's "Motion to Stop All Involuntary-Forced Drugs" [Docket No. 35] and "Motion for Restraining Order Against Defendant Koprivnikar and Named Treatment Team Members" [Docket No. 52] and deny as moot plaintiff's "Amendment to Names of Parties at Involuntary Drug Hearing on 10/25/10 to Obtain a Restraining Order [sic] Each One" [Docket No. 56]. *See* Docket No. 68 ("Recommendation on Plaintiff's Motions") at 14. Plaintiff alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983, and the Court exercises jurisdiction

pursuant to 28 U.S.C. § 1331 and § 1343.

In the Recommendations, the magistrate judge informed the parties that they had fourteen days from the date of service to file any objections.  Plaintiff filed timely objections to the Recommendation on Plaintiff's Motions [Docket No. 70], as well as an untimely "addendum" to those objections [Docket No. 74].  Plaintiff requested additional time to file objections to the Recommendation on Defendants' Motion [Docket No. 71].  The Court granted that request and gave plaintiff until July 25, 2011 to file any objections to the Recommendation on Defendants' Motion.  Plaintiff filed untimely objections to the Recommendation on Defendants' Motion on July 29, 2011 [Docket No. 75].  The Court, however, will consider those objections and will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  Because plaintiff is proceeding *pro se*, the Court liberally construes his pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff, who is incarcerated at the San Carlos Correctional Facility ("SCCF") in Pueblo, Colorado, alleges that defendants Deneen Crandell, Lee Martinez, and Joan Koprivnikar violated his Eighth Amendment rights.  As the Recommendation on Defendants' Motion accurately summarized, plaintiffs allegations against defendants Crandell and Martinez, "[l]iberally construed . . . aris[e] out of Plaintiff's placement in full restraints and a strip cell."  Docket No. 67 at 13.[1]  Plaintiff alleges that he was kept in restraints and then the strip cell for approximately a month.  During that time, he

---

[1] Plaintiff briefly reiterates the nature of that treatment in his objections.  *See* Docket No. 75 at 2, ¶ 3 & 4, ¶ 15.

contends that he "was forced to urinate and def[e]cate in a diaper and on himself" and was "denied showers up to 6 days at a time." Docket No. 3 at 8. "Temporary restrictions on bathroom use, even ones lasting several hours, do not constitute the wanton infliction of pain or exhibit deliberate indifference to a prisoner's health or safety." *Rouse v. Caruso*, 2011 WL 918327, at *12 (E.D. Mich. Feb. 18, 2011) (collecting cases regarding deprivations of bathroom use lasting a matter of hours). Plaintiff alleges, however, that, while in restraints and then a strip cell over the course of a month, he was forced to defecate and urinate on himself without access to toilet paper and, during that same time period, was denied showers for days at a time. The Court finds that this sufficiently alleges deliberate indifference to the deprivation of "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The magistrate judge concluded that plaintiff failed to adequately allege a "substantial risk of harm" arising out of these conditions. *See* Docket No. 67 at 14. However, "a lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314, *as amended*, 75 F.3d 448 (9th Cir. 1995); *cf. West v. Kussmaul*, 2008 WL 906742, at *8 (E.D. Wis. April 1, 2008) ("Forcing a man to clean himself with his hands after he defecates is a denial of human dignity proscribed by the Eighth Amendment."). Moreover, in light of the conspicuous nature of the conditions alleged and reading plaintiff's complaint liberally, the Court does not agree with the Recommendation that plaintiff's Eighth Amendment claim fails to adequately allege deliberate indifference. Therefore, the Court will reject the Recommendation's

conclusion that, for these reasons, plaintiff "fails to state an Eighth Amendment claim against Defendants Crandell and Martinez." Docket No. 67 at 14.[2]

Plaintiff's Eighth Amendment claim against defendant Koprivnikar centers on her role in plaintiff's involuntarily medication while in SCCF.[3] While plaintiff has consistently stated his desire not to be taking the prescribed medications and that the medications are causing him side effects, he has not alleged any facts which demonstrate deliberate indifference on the part of defendant Koprivnikar. *See Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) ("To prevail on the subjective component, the prisoner must show that the defendants knew he faced a substantial risk of harm and

---

[2]In regard to the Recommendation on Defendants' Motion, plaintiff asserts no objection to the magistrate judge's conclusion that, "to the extent Plaintiff seeks monetary relief from Defendants in their official capacities, those claims are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction." Docket No. 67 at 9. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). In this matter, the Court has reviewed the Recommendation to determine if there is any "clear error on the face of the record," *see* Fed. R. Civ. P. 72(b), Advisory Committee Notes, which is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Having done so, the Court accepts accept the Recommendation's conclusion that plaintiff may not seek monetary relief from the defendants in their official capacities.
  The magistrate judge also construed plaintiff's complaint as asserting that defendants Crandell and Martinez interfered "with his right to counsel in a criminal case," Docket No. 67 at 16-17, and concluded that he had failed to state facts sufficient to support such a claim. *See id.* at 18-19. In his objections, *see* Docket No. 75, plaintiff offers no objection to this aspect of the Recommendation on Defendant's Motion, and the Court has identified no "clear error on the face of the record" in this regard.

[3]Plaintiff alleges that defendant Koprivnikar was present with defendants Martinez and Crandell during his initial evaluation, but does not include her as a defendant in his Eight Amendment claim arising out of his time in restraints and the strip cell. *See* Docket No. 3 at 7.

4

disregarded that risk, by failing to take reasonable measures to abate it."). In fact, he alleges that defendant Koprivnikar prescribed additional medications in an attempt to address those side effects. *See* Docket No. 3 at 10. In the absence of allegations supporting the subjective component under the Eighth Amendment, plaintiff may not proceed against defendant Koprivnikar on this claim.

The magistrate judge also liberally construed plaintiff's complaint as asserting "a due process claim against Defendant Koprivnikar with regard to the involuntary administration of drugs." Docket No. 67 at 19. As the Recommendation points out, the only procedural deficiencies he alleges are that he was not afforded an attorney or a court hearing before being involuntarily medicated. While the Supreme Court recognizes "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment," *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (citations omitted),[4] there is no due process right to a court hearing or counsel before being involuntarily medicated. *See id.* at 231 ("Notwithstanding the risks that are involved, we conclude that an inmate's interests are adequately protected, and perhaps better served, by allowing the decision to medicate to be made by medical professionals rather than a judge."); *see id*. at 236 ("Respondent contends that the Policy is nonetheless deficient because it does not allow him to be represented by counsel. We disagree. . . . Given the nature of the decision to be made, we conclude that the provision of an independent lay adviser who

---

[4] *See also Cruzan by Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261, 278 (1990) ("a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment").

understands the psychiatric issues involved is sufficient protection."). In his objections, plaintiff does not identify any other procedural deficiencies.[5] Therefore, the Court will accept this aspect of the Recommendation as well.

Furthermore, in her Recommendation on Plaintiff's Motions [Docket No. 68], the magistrate judge recommends that the Court deny plaintiff's "Motion to Stop All Involuntary-Forced Drugs" [Docket No. 35] and "Motion for Restraining Order Against Defendant Koprivnikar and Named Treatment Team Members" [Docket No. 52], and deny as moot plaintiff's "Amendment to Names of Parties at Involuntary Drug Hearing on 10/25/10 to Obtain a Restraining Order [sic] Each One" [Docket No. 56]. While plaintiff poses objections to this Recommendation, he does not identify any factual matter that would support an amendment to his complaint and provide a basis for him to proceed with his motions for injunctive relief. Therefore, given the dismissal of plaintiff's Eighth Amendment claim concerning involuntary medication, the Court will

---

[5]In his "Amendment to Names of Parties at Involuntary Drug Hearing on 10/25/10 to Obtain a Restraining Order [sic] Each One" [Docket No. 56], plaintiff contends that defendant Koprivnikar influenced the decisions of other members of the Involuntary Medication Hearing Committee. *See* Docket No. 56 at 2; *cf.* Docket No. 68 at 12. He does not provide any factual basis for that belief. Plaintiff also appears to claim that the other members did not meet with him or treat him prior to the hearing, *see* Docket No. 56 at 2, but does not explain why that should call the fairness of the proceedings into question. *See Washington*, 494 U.S. at 233 (concluding that the procedures at issue addressed the "independence of the decisionmaker" in part by precluding the "hearing committee members [to have been] involved in the inmate's current treatment or diagnosis"). Finally, plaintiff alleges that he "was told [he] would be cuffed behind the back [at the hearing] and could not attend the hearing to keep notes or present evidence as Plaintiff wished to do." Docket No. 56 at 2. According to the Recommendation on Plaintiff's Motions, however, plaintiff's "medical records indicate that he refused to attend the hearing" and that, "[a]t the evidentiary hearing on June 7, 2011, Plaintiff confirmed that he refused to attend the October 2010 hearing or a hearing held 'about a month ago' because he refused to be restrained." Docket No. 68 at 12 (footnote omitted).

deny these motions as moot and will also deem the Recommendation on Plaintiff's Motions as moot.

Plaintiff requests that the Court appoint counsel to represent him, *see* Docket No. 76, a renewal of earlier requests. *See* Docket Nos. 4, 14, 27. The magistrate judge has already concluded that "justice will best be served by affording Plaintiff the benefit of counsel to help investigate and present Plaintiff's claims and need for judicial redress." Docket No. 43 at 1. She ordered the "Clerk of the Court to make every attempt to secure the services of pro bono voluntary counsel to represent Plaintiff in this case." *See id.* at 2 ("In the event pro bono counsel is not immediately available, the Clerk of the Court is directed to place Plaintiff on a waiting list for representation as availability occurs."). Therefore, to the extent plaintiff requests this particular relief, his motion is moot. Furthermore, to the extent plaintiff's motion is construed as a request that the Court appoint counsel to represent him, the motion is denied. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) ("We note that Mr. Johnson, as a civil litigant, has no Sixth Amendment right to counsel. Rather, a court has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis.") (internal citation omitted).

For the foregoing reasons, it is

**ORDERED** that the Recommendation on Defendants' Motion [Docket No. 67] is ACCEPTED in part and DENIED in part. It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 24] is GRANTED in part and DENIED in part. It is further

**ORDERED** that plaintiff's claims against Defendant Koprivnikar in her official and individual capacities are DISMISSED. It is further

**ORDERED** that plaintiff's Eighth Amendment claim against defendants Crandell and Martinez in their official capacities for monetary relief is DISMISSED. It is further

**ORDERED** that, to the extent plaintiff's complaint can be construed to allege interference by defendants Crandell and Martinez with plaintiff's right to counsel in a criminal case, it is DISMISSED. It is further

**ORDERED** that the Recommendation on Plaintiff's Motions [Docket No. 68] is deemed moot. It is further

**ORDERED** that plaintiff's "Motion to Stop All Involuntary-Forced Drugs" [Docket No. 35], "Motion for Restraining Order Against Defendant Koprivnikar and Named Treatment Team Members" [Docket No. 52], and plaintiff's "Amendment to Names of Parties at Involuntary Drug Hearing on 10/25/10 to Obtain a Restraining Order [sic] Each One" [Docket No. 56] are DENIED as moot. It is further

**ORDERED** that plaintiff's motion for appointment of counsel [Docket No. 76] is DENIED. It is further

**ORDERED** that plaintiff's motions for court orders [Docket Nos. 77, 78] are DENIED as moot.

DATED September 1, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge