IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02490-PAB-KMT

JOSEPH LOUIS DURAN,

    Plaintiff,

v.

DENEEN CRANDELL, Psy. D., and
SGT. LEE MARTINEZ, Retired,

    Defendants.

## ORDER

This matter is before the Court on a filing by plaintiff entitled "Motion to Incorporate New Prisoner Complaint with Current Prisoner Complaint" [Docket No. 83], which the Court construes as a motion to consolidate pursuant to Fed. R. Civ. P. 42(a)(2) and D.C.COLO.LCivR 42.1.[1]

Plaintiff requests that the Court consolidate the present action with a subsequent lawsuit he initiated, Civil Action No. 11-cv-02213-BNB.[2] Pursuant to Rule 42(a)(2), the Court is permitted to consolidate actions if they "involve a common question of law or fact." The Court has "broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while

---

[1] In light of plaintiff's pro se status, the Court has construed his filing liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Plaintiff has attached a copy of the complaint from Civil Action No. 11-cv-02213-BNB to his motion. See Docket No. 83-1.

providing justice to the parties." 9A Wright & Miller, *Federal Practice & Procedure – Civil*, § 2381 (3d ed. 2011). In the exercise of that discretion, the Court will deny the request to consolidate. There are no common defendants in the two actions and, although there is some factual overlap between the two actions, it is not of a sort that renders consolidation a more expeditious approach to resolving the cases. Therefore, it is

**ORDERED** that plaintiff's "Motion to Incorporate New Prisoner Complaint with Current Prisoner Complaint" [Docket No. 83] is DENIED.

DATED November 14, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge