IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02490–PAB–KMT

JOSEPH LOUIS DURAN,

    Plaintiff,

v.

DENEEN CRANDELL, PSY. D., and
SGT. LEE MARTINEZ, RETIRED,

    Defendants.

---

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE, OR FILE AMENDED
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

---

This matter is before the court on Plaintiff's failure to make monthly payments towards his filing fee or show cause as to why he cannot make such payments.

On October 13, 2010, Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. No. 2.) The Prison Litigation Reform Act ("PLRA") requires that a prisoner "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. 28 U.S.C 1915(b)(2). This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending. *Harris v. Colo. Dep't of Corrs.*, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. Dec. 19, 2000).

In the Order granting Plaintiff leave to proceed *in forma pauperis*, Plaintiff was instructed either to make the required monthly payments or to show cause **each month** why he has no assets and no means by which to make the monthly payment. In order to show cause, Plaintiff was directed to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action.

On November 17, 2011, Plaintiff filed a "Notice of No Means by Which to Pay Partial Filing Fee." (Doc. No. 107.) In the "Affidavit of Indegentcy [sic]" attached thereto (Doc. No. 107-1), Plaintiff maintains that he was released from "a Colorado State prison" on October 4, 2011, with $100.00 for all of his needs;[1] that, as a consequence, he is no longer able to submit a certified copy of a his inmate trust fund account statement; and that, because he has not received any income from his current job with Bantek Telesales, he has no funds to pay make the required monthly payments. However, Plaintiff has failed to make the monthly payment or show cause why he has no assets and no means by which to make the monthly payments for the months of December 20111 through April 2012.

Subsequent release from prison alone does not relieve a prisoner of the obligation to pay the filing fee. Some courts have held that if released, a former inmate must pay all past-due obligations under the PLRA. *See Gay v. Texas Department of Corrections State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997) (if a complainant is a prisoner when he files an action or appeal,

---

[1] It appears that Plaintiff has been released on parole. (*See* Notice of Change of Address, Doc. No. 96, filed Sept. 30, 2011.)

then the PLRA's filing fee requirement applies). *See also In Re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("We find nothing to indicate that Congress intended to create a loophole through which prisoners could evade their PLRA fee obligations while in prison and be permanently relieved of these duties upon their release"); *Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at * 1 (D. Kan. Jan. 23, 2008) ("although it appears plaintiff may have been released from custody shortly after filing his complaint, the fee requirements imposed by 28 U.S.C. § 1915(b) still apply because plaintiff filed his complaint while he was a prisoner as defined by 28 U.S.C. § 1915(g)."). *In forma pauperis* status merely "defers, but does not permanently excuse, the payment of filing fees." *In Re Smith*, 114 F.3d at 1251. *See also Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998) ("All § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible.") (internal quotation marks and citations omitted) (emphasis in original); *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able.").

Other circuits have held that when circumstances of incarceration change, a plaintiff may retain eligibility for pauper status. *See McGann v. Commissioner, Soc. Sec. Admin.*, 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners.") *See also DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2003) (same); *McGore v. Wrigglesworth*, 114 F.3d 601, 612-13 (6th Cir. 1997) (holding that after "release, the obligation to pay the remainder of the fees

is to be determined solely on the question of whether the released individual qualifies for pauper status").

Thus, if the PLRA's filing fee requirement applies to Plaintiff even though he has been released, Plaintiff would continue to owe the full filing fee. Alternatively, if the PLRA's filing fee no longer applies, Plaintiff would only be excused from paying the filing fee if the court were to grant *in forma pauperis* status. *See Carson v. Tulsa Police Department*, 266 F. App'x 763 (10th Cir. 2008) (holding claim to be frivolous and declining "to decide whether the PLRA's filing fee requirements apply to a complainant who is incarcerated at the time he files notice of appeal but is subsequently released.") The court need not resolve whether the PLRA's filing fee requirement continues to apply notwithstanding Plaintiff's release because, from December 2011 through April 2012, Plaintiff has neither (1) made the required monthly payments or shown cause each month as to why he has no assets and no means by which to make the monthly payment; or (2) filed an amended motion for leave to proceed *in forma pauperis* as a non-prisoner. *See Okero v. Okla. Cnty. Jail*, No. CIV-07-104-T, 2007 WL 2220384, at *1-2 (W.D.Okla. July 30, 2007) (plaintiff may lose pauper status by failing to file an amended motion for leave to proceed *in forma pauperis*); *see also Carson*, 266 F. App'x 763 at 767; *Perrey v. Donahue*, No. 3:06-CV-0617 AS, 2007 WL 1058232, at * 1 (N.D. Ind. April 4, 2007) (plaintiff allowed to proceed without making further payments on the filing fee after he filed another petition to proceed *in forma pauperis* as a non-prisoner).

The court should not be left to point out this deficiency through an order to pay or show cause as it is Plaintiff's responsibility to meet his filing fee obligations. Such a procedure

unreasonably burdens the court. Consequently, Plaintiff will be required, by May 15, 2012, to either (1) make the required monthly payment for each preceding month or show cause as to why he has no assets and no means by which to make the monthly payment; or (2) file a proper amended motion for leave to proceed *in forma pauperis* as a non-prisoner.[2] Plaintiff is advised that if he fails to comply with this requirement, the court will recommend that this case be dismissed for failure to comply with this Order and with the Order allowing Plaintiff to proceed *in forma pauperis*.

Therefore, it is ORDERED that on or before **May 15, 2012**, Plaintiff shall either (1) make the required monthly payment for each preceding month for which payment has not been made or show cause as to why he has no assets and no means by which to make the monthly payment for the months of December 2011 through April 2012; or (2) file a proper amended motion for leave to proceed *in forma pauperis* as a non-prisoner.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this Order, the

---

[2] Should Plaintiff chose to file an amended motion for leave to proceed *in forma pauperis* as a non-prisoner that demonstrates that he is indigent, this issue will not necessarily be resolved. Rather, at that juncture, the court will determine whether filing such a motion excuses Plaintiff from paying the remainder of his filing fee or, alternatively, whether the PLRA's filing fee requirement continues to apply notwithstanding Plaintiff's release from prison.

complaint and this civil action may be dismissed without further notice.

Dated this 24th day of April, 2012.

BY THE COURT:

*(signature)*

Kathleen M. Tafoya
United States Magistrate Judge