IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02490-PAB-KMT

JOSEPH LOUIS DURAN,

    Plaintiff,

v.

DENEEN CRANDELL, Psy. D., and
SGT. LEE MARTINEZ, Retired,

    Defendants.

**ORDER**

This matter is before the Court on plaintiff's motion to reconsider [Docket No. 91] the Court's September 1, 2011 order [Docket No. 84] granting in part and denying in part defendants' motion to dismiss [Docket No. 24].

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *see Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995), and, where, as here, a party files a motion for reconsideration prior to the entry of judgment or of a final order, Rules 59(e) and 60(b) do not apply. *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). Instead, the motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders,

judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at*1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the Duty-to-Defend Order); *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo.1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.

Plaintiff does not identify any basis that would justify upsetting the Court's September 1, 2011 order. His main argument is that the Court failed to address his Fifth Amendment claim. Because plaintiff sues state officials, the Court addressed plaintiff's due process contentions pursuant to the Fourteenth Amendment. *See* Docket No. 84 at 5; *cf. Ward v. Anderson*, 494 F.3d 929, 932 n.3 (10th Cir. 2007) ("Both parties and the district court refer to the Fifth Amendment as the source of the due process requirements discussed in this case. The Fifth Amendment, however, is technically not the source of the constitutional guarantees invoked by the [plaintiffs]; only the Fourteenth Amendment imposes a due process requirement on state officials."). Furthermore, to the extent plaintiff's motion asserts new facts in support of a due process violation, the motion must be denied. A motion to reconsider is not the proper mechanism for seeking leave to amend the pleadings.

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion to reconsider [Docket No. 91] is DENIED.

DATED May 10, 2012.

                                           BY THE COURT:

                                           s/Philip A. Brimmer
                                           PHILIP A. BRIMMER
                                           United States District Judge