IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02490-PAB-KMT

JOSEPH LOUIS DURAN,

 Plaintiff,

v.

DENEEN CRANDELL, Psy. D., and
SGT. LEE MARTINEZ, Retired,

 Defendants.

---

**ORDER**

---

  This matter is before the Court on plaintiff's "Motion to Re-Attach Original Complaint for Jury Trial Decision or Set Aside Jury Trial Demand by Defendants" [Docket No. 95]. Because plaintiff is proceeding pro se, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although the motion's request is not entirely clear, the Court construes it as a motion to reconsider the Court's September 1, 2011 order [Docket No. 84] dismissing certain of plaintiff's claims.

  As the Court has previously mentioned in resolving another of plaintiff's motions for reconsideration, *see* Docket No. 119, the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *see Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995), and, where, as here, a party files a motion for reconsideration prior to the entry of judgment or of a final order, Rules 59(e) and 60(b) do not apply. *Houston Fearless Corp. v. Teter*, 313 F.2d

91, 92 (10th Cir. 1962). Instead, the motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92.[1] In the present motion, plaintiff identifies no basis for revisiting the Court's September 1 order. *See* Docket No. 95 at 2 (asserting, without any further explanation or support, that "defendants followed no law or policy"). Therefore, it is

**ORDERED** that plaintiff's "Motion to Re-Attach Original Complaint for Jury Trial Decision or Set Aside Jury Trial Demand by Defendants" [Docket No. 95] is DENIED.

DATED June 4, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] To avoid repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at*1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the Duty-to-Defend Order); *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo.1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order). In sum, courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.