IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02490–PAB–KMT

JOSEPH LOUIS DURAN,

    Plaintiff,

v.

DENEEN CRANDELL, PSY. D., and
SGT. LEE MARTINEZ, RETIRED,

    Defendants.

---

# ORDER

---

    This matter comes before the court on the "Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause, or File Amended Motion for Leave to Proceed *In Forma Pauperis*" (Doc. No. 111, filed April 24, 2012 [hereinafter "Order to Pay or Show Cause"]) and Plaintiff's Response thereto (Doc. No. 115 [Resp.]).

    Plaintiff was granted leave to proceed pursuant to 28 U.S.C. § 1915 in this case.  (*See* Doc. No. 2 [hereinafter "§ 1915 Order"].)  In pertinent part, the Prison Litigation Reform Act ("PLRA") provides that a

> prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. 1915(b)(2).

The order granting Plaintiff leave to proceed under 28 U.S.C. § 1915 ordered that "shall be required to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action." (§ 1915 Order.)  Furthermore, consistent with § 1915(b)(2), Plaintiff was instructed to "either make the required monthly payments of twenty percent (20%) of the preceding months income credited or show cause **each month** why he has no assets and no means by which to make the monthly payment." (*Id.*) (emphasis added).  In order to show cause, Plaintiff was directed to file a certified copy of his inmate trust fund account statement. (*Id.*)  Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in this dismissal of this civil action. (*Id.*)

On November 17, 2011, Plaintiff filed a "Notice of No Means by Which to Pay Partial Filing Fee." (Doc. No. 107.)  In the "Affidavit of Indegentcy [sic]" attached thereto (Doc. No. 107-1), Plaintiff asserts that he was released from "a Colorado State prison" on October 4, 2011, with $100.00 for all of his needs;[1] that, as a consequence, he is no longer able to submit a certified copy of a his inmate trust fund account statement; and that, because he has not received any income from his current job with Bantek Telesales, he has no funds to pay make the required monthly payments. (*Id.*)  However, Plaintiff subsequently failed to make the monthly payments, or show cause why he has no assets and no means by which to make the monthly payments, for the months of December 2011 through April 2012.

---

[1] It appears that Plaintiff has been released on parole. (*See* Notice of Change of Address, Doc. No. 96, filed Sept. 30, 2011.)

Based on Plaintiff's failure to make the monthly payments or show cause why he has no assets and no means by which to make the monthly payments for December 2011 through April 2012, the court entered its Order to Pay or Show Cause.   Therein, the court noted that subsequent release from prison alone does not relieve a prisoner of the obligation to pay the filing fee.  (Order Pay/Show Cause at 2.)

The court further noted a split in authority as to a former inmate's continued obligation to pay the filing fee under the PLRA.  (*Id.* at 2-4.)  More specifically, some courts have held that, if released, a former inmate must pay all past-due obligations under the PLRA.  *See Gay v. Texas Department of Corrections State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997) (if a complainant is a prisoner when he files an action or appeal, then the PLRA's filing fee requirement applies). *See also In Re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("We find nothing to indicate that Congress intended to create a loophole through which prisoners could evade their PLRA fee obligations while in prison and be permanently relieved of these duties upon their release"); *Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at * 1 (D. Kan. Jan. 23, 2008) ("although it appears plaintiff may have been released from custody shortly after filing his complaint, the fee requirements imposed by 28 U.S.C. § 1915(b) still apply because plaintiff filed his complaint while he was a prisoner as defined by 28 U.S.C. § 1915(g)."). *In forma pauperis* status merely "defers, but does not permanently excuse, the payment of filing fees."  *In Re Smith*, 114 F.3d at 1251.  *See also Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998) ("All § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible.") (internal quotation

3

marks and citations omitted) (emphasis in original); *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able.").

On the other hand, other circuits have held that when circumstances of incarceration change, a plaintiff may retain eligibility for pauper status. *See McGann v. Commissioner, Soc. Sec. Admin.*, 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners."). *See also DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2003) (same); *McGore v. Wrigglesworth*, 114 F.3d 601, 612-13 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock,* 549 U.S. 199 (2007) (holding that after "release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status").

Nevertheless, in the Order to Pay or Show Cause, the court noted that it need not resolve whether the PLRA's filing fee requirement continues to apply notwithstanding Plaintiff's release because, from December 2011 through April 2012, Plaintiff neither (1) made the required monthly payments or showed cause each month as to why he has no assets and no means by which to make the monthly payment, or (2) filed an amended motion for leave to proceed *in forma pauperis* as a non-prisoner. (Order Pay/Show Cause at 4.) Accordingly, the court ordered Plaintiff to respond to the Order to Pay or Show Cause, on or before May 15, 2012, by either (1) making the required monthly payment for each preceding month for which payment has not been made or show cause as to why he has no assets and no means by which to make the monthly

4

payment for the months of December 2011 through April 2012, or (2) file a proper amended

motion for leave to proceed *in forma pauperis* as a non-prisoner.  (*Id.* at 5.) In a footnote, the

court further advised that if Plaintiff elected to file an amended motion for leave to proceed *in*

*forma pauperis* as a non-prisoner that demonstrates that he is indigent, Plaintiff's failure to pay

or show cause would not necessarily be resolved.  Rather, the court deferred the question of

whether filing such a motion would excuses Plaintiff from paying the remainder of his filing fee

or, alternatively, whether the PLRA's filing fee requirement continues to apply notwithstanding

Plaintiff's release from prison.  (*Id.* at 5 n.2.)

     In his Response, Plaintiff elected against filing an amended motion to proceed *in forma*

*pauperis;* instead he attempts to show cause as to why he has no means and no assets make the

monthly payment.  (*See* Resp.)  However, despite his good faith efforts, Plaintiff's attempt to

show cause falls short.  As discussed above, pursuant to the order granting Plaintiff leave to

proceed under 28 U.S.C. § 1915, Plaintiff was required to show cause by filing a certified copy

of his inmate trust fund account statement.  (*See* § 1915 Order.)  Because Plaintiff is no longer a

prisoner, there is no prison account from which to ascertain Plaintiff's ability to pay.  *McGore,*

114 F.3d at 612-13.  Thus, despite his good faith efforts to describe his financial

circumstances—including his employment status and expenditures for medical, housing, and

other needs—Plaintiff's attempt to show cause is necessarily deficient.

     The court has further reviewed decisions from this district.  It appears that, perhaps based

in part on the inherent difficulties a former prisoner will face in showing cause for his inability to

make the required monthly payment, this district has followed the latter approach discussed

above.  More specifically, decisions from this district have concluded that a former prisoner's "continuing obligation to pay the filing fee is to be determined, like any non-prisoner, solely on the basis of whether he qualifies for *informa pauperis* status."  *Burns v. Buford,* 10-cv-2691-LTB, 2012 WL 1657379, at *4 (D. Colo. May 11, 2012) (citing *Whitney v. New Mexico,* 113 F.3d 1170, 1171 n.1 (10th Cir. 1997)); *see also Wallin v. Miyard,* 07-cv-02575-BNB, 2008 WL 697373, at *1 (D. Colo. Mar. 13, 2008) (same).

Accordingly, in light of Plaintiff's good faith, but nevertheless deficient, attempt comply with the Order to Pay or Show Cause, the court will afford Plaintiff an additional opportunity to either submit the $350.00 filing fee in full or, alternatively, an amended motion and affidavit for leave to proceed pursuant to § 1915.

Therefore, it is

ORDERED that no later than **June 29, 2012**, Plaintiff shall file an Amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Alternatively, Plaintiff may pay the $350.00 filing fee in full.  It is

FURTHER ORDERED that Plaintiff may obtain the Court-approved Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to comply with this order with the time allowed, the action will be dismissed without further notice.  It is

FURTHER ORDERED that the Dispositive Motions Deadline is extended to July 15,

2012 and the Final Pretrial Conference set for August 14, 2012 is RESET to September 13, 2012

at 9:30 a.m.

Dated this 8th day of June, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge