IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 10–cv–02490–PAB–KMT


JOSEPH LOUIS DURAN,

      Plaintiff,

v.

DENEEN CRANDELL, PSY. D., and
SGT. LEE MARTINEZ, RETIRED,


      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on its June 8, 2012 Order directing Plaintiff to file an

Amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  (Doc. 121

[hereinafter"June 8, 2012 Order"].)

## BACKGROUND

      Plaintiff was granted leave to proceed pursuant to 28 U.S.C. § 1915 in this case.  (*See*

Doc. No. 2 [hereinafter "§ 1915 Order"].)  In pertinent part, the Prison Litigation Reform Act

("PLRA") provides that a

> prisoner shall be required to make monthly payments of 20 percent of the
> preceding month's income credited to the prisoner's account.  The agency having
> custody of the prisoner shall forward payments from the prisoner's account to the

clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. 1915(b)(2).

The order granting Plaintiff leave to proceed under 28 U.S.C. § 1915 ordered that "Plaintiff shall be required to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action." (§ 1915 Order at 2.) Furthermore, consistent with § 1915(b)(2), Plaintiff was instructed to "either make the required monthly payments of twenty percent (20%) of the preceding months income credited or show cause **each month** why he has no assets and no means by which to make the monthly payment." (*Id.*) (emphasis added). In order to show cause, Plaintiff was directed to file a certified copy of his inmate trust fund account statement. (*Id.*) Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in this dismissal of this civil action. (*Id.*)

On November 17, 2011, Plaintiff filed a "Notice of No Means by Which to Pay Partial Filing Fee." (Doc. No. 107.) In the "Affidavit of Indegentcy [sic]" attached thereto (Doc. No. 107-1), Plaintiff asserted that he was released from "a Colorado State prison" on October 4, 2011, with $100.00 for all of his needs;[1] that, as a consequence, he is no longer able to submit a certified copy of a his inmate trust fund account statement; and that, because he had not received any income from his job with Bantek Telesales, he had no funds to pay make the required monthly payments. (*Id.*) Subsequently, however, Plaintiff failed to make further monthly

---

[1] It appears that Plaintiff has been released on parole. (*See* Notice of Change of Address, Doc. No. 96, filed Sept. 30, 2011.)

payments, or show cause why he had no assets and no means by which to make the monthly payments, for the months of December 2011 through April 2012.

Based on Plaintiff's failure to make the monthly payments or show cause why he had no assets and no means by which to make the monthly payments for December 2011 through April 2012, the court entered an "Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause, or File Amended Motion for Leave to Proceed *In Forma Pauperis.*" (Doc. No. 111, filed Apr. 24, 2012 [hereinafter "Order to Pay or Show Cause"].) Therein, the court noted that subsequent release from prison alone does not relieve a prisoner of the obligation to pay the filing fee. (Order Pay/Show Cause at 2.)

The court further noted a split in authority as to a former inmate's continued obligation to pay the filing fee under the PLRA. (*Id.* at 2-4.) More specifically, the court noted that some courts have held that, if released, a former inmate must pay all past-due obligations under the PLRA. (*Id.* (citing cases).) On the other hand, other circuits have held that when circumstances of incarceration change, a plaintiff may retain eligibility for pauper status. (*Id.* (citing cases).)

Nevertheless, the court noted that it need not resolve whether the PLRA's filing fee requirement continues to apply notwithstanding Plaintiff's release because, from December 2011 through April 2012, Plaintiff neither (1) made the required monthly payments or showed cause each month as to why he had no assets and no means by which to make each monthly payment, or (2) filed an amended motion for leave to proceed *in forma pauperis* as a non-prisoner. (*Id.* at 4.) Accordingly, the court ordered Plaintiff to respond to the Order to Pay or Show Cause, on or before May 15, 2012, by either (1) making the required monthly payment for each preceding

3

month for which payment had not been made or show cause as to why he has no assets and no means by which to make the monthly payment for the months of December 2011 through April 2012, or (2) file a proper amended motion for leave to proceed *in forma pauperis* as a non-prisoner. (*Id.* at 5.)  Finally, in a footnote, the court further advised Plaintiff that if he elected to file an amended motion for leave to proceed *in forma pauperis* as a non-prisoner that demonstrates his indigency, Plaintiff's failure to pay or show cause would not necessarily be resolved.  Rather, the court deferred the question of whether filing such a motion would excuse Plaintiff from paying the remainder of his filing fee or, alternatively, whether the PLRA's filing fee requirement continues to apply notwithstanding Plaintiff's release from prison.  (*Id.* at 5 n.2.)

Plaintiff filed his Response to the Order to Pay or Show Cause on April 30, 2012.  (Doc. No. 115).  Therein, Plaintiff elected against filing an amended motion to proceed *in forma pauperis* as a non-prisoner*;* instead, he attempted to show cause as to why he had no means and no assets to make the required monthly payments.  (*See id.*)  However, despite his good faith efforts to describe his financial circumstances—including his employment status and expenditures for medical, housing, and other needs—the court found in its June 8, 2012 Order that Plaintiff's attempt to show cause necessarily fell short.  (June 8, 2012 Order at 5.)  More specifically, as discussed above, pursuant to the order granting Plaintiff leave to proceed under 28 U.S.C. § 1915, Plaintiff was required to show cause by filing a certified copy of his inmate trust fund account statement.  (*See* § 1915 Order.)  Because Plaintiff is no longer a prisoner, however, there is no prison account from which to ascertain Plaintiff's ability to pay.  (June 8, 2012 Order at 5 (citing *McGore v. Wrigglesworth,* 114 F.3d 601, 612-13 (6th Cir. 1997)

4

*overruled on other grounds by Jones v. Bock,* 549 U.S. 199 (2007)).  Thus, requiring Plaintiff to show cause as to why he has no means and no assets to make the required monthly payments, without being able to refer to a prison account statement, was effectively an impossible task. (*See id.*)

After further reviewing decisions from this district, the court concluded in its June 8, 2012 Order that Plaintiff's "continuing obligation to pay the filing fee is to be determined, like any non-prisoner, solely on the basis of whether he qualifies for *informa pauperis* status."  (*Id.* at 5-6 (citing *Burns v. Buford,* 10-cv-2691-LTB, 2012 WL 1657379, at *4 (D. Colo. May 11, 2012); *Wallin v. Miyard,* 07-cv-02575-BNB, 2008 WL 697373, at *1 (D. Colo. Mar. 13, 2008)). Accordingly, in light of Plaintiff's good faith, but nevertheless deficient, attempt to comply with the Order to Pay or Show Cause, the court afforded Plaintiff an additional opportunity to cure the deficiencies with respect to the outstanding balance of his filing fee.  (*Id.* at 6.)  Specifically, the court ordered that, on or before June 29, 2012, Plaintiff was to either (1) submit the $350.00 filing fee in full or, alternatively, (2) file an amended motion and affidavit for leave to proceed pursuant to § 1915 as a non-prisoner.  (*Id.*)  The court further advised Plaintiff that if he failed to comply with this directive, this action would be dismissed without further notice.  (*Id.*)

As of the date of this Recommendation, no payment toward the $350.00 filing fee has been received.  Nor has Plaintiff filed an Amended Motion and Affidavit for Leave to proceed pursuant to §1915 as a non-prisoner.  Therefore, Plaintiff has failed to comply with the court's June 8, 2012 Order.

**DISCUSSION**

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.  The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted).  "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

The court finds that Plaintiff's failure to comply with the court's June 8, 2012 Order has not directly prejudiced Defendants.  However, Plaintiff's failure to comply with his § 1915 filing fee obligation has required the court to repeatedly direct its attention to this case and issue orders regarding his filing fee obligations.  It is not acceptable for Plaintiff to address his filing fee obligation only when specifically called on by the court, as such a procedure unreasonably burdens the court.  Altogether, Plaintiff failure to cure the deficiencies with respect to his filing fee obligation has increased the workload of the court and therefore interfered with the administration of justice.

Furthermore, Plaintiff has now defied a court order by failing to either pay his filing fee in full or submit an amended motion to proceed *in forma paupers* as a non-prisoner.  The record does not reveal that anyone other than Plaintiff is culpable for his failure to cure the deficiencies

with respect to his filing fee obligations or his failure respond to the court's June 8, 2012 Order.[2]

Additionally, the court explicitly warned Plaintiff that failing to comply with the June 8, 2012

Order's directives would result in this action being dismissed without further notice.

Because Plaintiff is proceeding *in forma pauperis,* a monetary sanction would be

ineffective.  Similarly, because the injury from Plaintiff's failure to comply principally is to the

judicial system, rather than to Defendants, a sanction limiting evidence would bear no substantial

relation to Plaintiff's misconduct.  Accordingly, under these circumstances, no lesser sanction

would be effective and dismissal without prejudice is an appropriate sanction.

For the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's Prisoner Complaint (Doc. No. 3) and this action be

dismissed without prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

---

[2] Indeed, the court explicitly advised Plaintiff as to how he could obtain the court-approved forms for filing an amended motion and affidavit for leave to proceed pursuant to § 1915 as a non-prisoner, along with the applicable instructions.  (June 8, 2012 Order at 6.)

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 13th day of July, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

8